UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS ELLASON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-378 |
| | § | |
| RISSIE OWENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's "Motion to Alter or Amend Judgment With Brief and Affidavit in Support" (D.E. 15).  For the reasons set out below, the Motion is DENIED.

Plaintiff is serving a life sentence for a Texas conviction for capital murder.  He seeks a determination that a change in the Parole Board's policies necessitated by *Ex parte Franks*, 71 S.W.3d 327 (Tex. Cr. App. 2001) violates the United States Constitution, Article 1, section 10 (the Ex Post Facto clause) as applied to him.  This Court has been called upon to review this claim pursuant to the Prison Litigation Reform Act.  In screening his Complaint (D.E. 1), the Court accepts all allegations of fact as true. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

According to Plaintiff, his crime took place in 1986, at a time when the Parole Board interpreted a life sentence in Texas as if it were a sixty-year sentence for purposes of determining eligibility for release to mandatory supervision.  *See Franks, supra* at 329 (Johnson, J., dissenting).  Under that calculation, some life-sentenced prisoners were

actually released to mandatory supervision prior to *Franks*. The *Franks* opinion determined that calculations under the mandatory supervision statute could never provide for the release of a prisoner serving a life sentence. It thus eliminated any prospect of release for any life-sentenced prisoner. In particular, the Texas Court of Criminal Appeals held that its ruling applied to the statute as it existed from 1981 on, as the substantive language had not appreciably changed. *Franks, supra* at 327-28.

In his Motion, Plaintiff re-urges his *ex post facto* claim, which the court distills as follows:

> Does a life-sentenced prisoner have a liberty interest in a parole board policy that is violative of statutory language, but was in place at the time he committed his crime sufficient to warrant protection under the Ex Post Facto clause?

The Fifth Circuit has ruled that a prisoner does not have a liberty interest in parole in Texas. *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 501 U.S. 1210, 111 S.Ct. 2809, 115 L.Ed.2d 982 (1991); *Gilbertson v. Texas Bd. of Pardons & Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). However, he does have a liberty interest in good time credits toward mandatory release. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

The Court, in *Malchi*, did not state that the prisoner was serving a term of years rather than a life sentence, although the facts of the case indicate a term of years. So it is notable that the Court, seven years later, stated that prisoners "who are eligible" have a liberty interest in good time credits toward mandatory release. *Walters v. Quarterman*, 258 Fed. Appx. 697, 698, 2007 WL 4372930, 1 (5th Cir. 2007). This would appear to exclude life-sentenced prisoners. Furthermore, according to the Fifth Circuit, an *ex post*

*facto* review is concerned with the "law" in place at the time of the conviction. *See generally, Pohl v. Livingston*, 241 Fed. Appx. 180, 181, 2007 WL 2012904, 1 (5th Cir. 2007). This would appear to treat the statute as trumping any expectancy created by agency or board policy that was not mandated by law. *Id.*

At the time of Plaintiff's conviction, the relevant statute did not give the Parole Board the discretion to substitute sixty years for a life sentence for purposes of calculating mandatory release eligibility. The fact that the Parole Board misconstrued the statute—until a court case corrected it—does not, in this Court's opinion, implicate the Ex Post Facto Clause. Very simply, according to *Franks*, the *law* did not change. A prisoner given a sentence of "life" was never statutorily eligible for release to mandatory supervision. This Court will not perpetuate the Parole Board's mistake by granting it constitutional proportions.

Plaintiff's Motion (D.E. 15) is DENIED.

ORDERED this 6th day of March, 2012.

Nelva Gonzales Ramos
United States District Judge